IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| QUAME LAMAR COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 120-092 |
| ) | |
| KATIE YOUNG, Nurse; ) | |
| STACY WILLIAMS, Nurse; ) | |
| ALFONZO WILLIAMS, Sheriff; ) | |
| CHESTER V. HUFFMAN, Major; ) | |
| JOHN H. BUSH, Major; and ) | |
| CASSANDRA HAYNES, Captain, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, detained at Burke County Detention Center ("BCDC") in Waynesboro, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     SCREENING THE COMPLAINT**

   **A.     BACKGROUND**

Plaintiff names the following Defendants: (1) Katie Young, Nurse at BCDC; (2) Stacy Williams, Nurse at BCDC; (3) Alfonzo Williams, Burke County Sheriff; (4) Chester V. Huffman, Major at BCDC; (5) John H. Bush, Major at BCDC; and (6) Cassandra Haynes,

Captain at BCDC. (Doc. no. 1, pp. 3-5.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In a complaint bearing a signature date of April 30, 2020, mailed on July 2, 2020, and filed July 7, 2020, Plaintiff alleges while he was detained in BCDC from May through October 2017, the "nursing staff denied [Plaintiff's] mental health treatment." (Id. at 1, 2, 7, 13.) When Plaintiff submitted inquiries about his treatment (or lack thereof), Defendant Williams provided Plaintiff with "unprofessional and insulting messages." (Id. at 7.) Plaintiff "contacted every Defendant" requesting help, but the complaints were not resolved. (Id. at 6.) As a result, Plaintiff suffered depression, panic attacks, mood swings, night tremors, tension headaches, and his blood pressure "spiral[ed] out of control." (Id. at 7.) Plaintiff's ailments were not treated until he transferred to a different jail. (Id. at 9.) Plaintiff states he "would like to talk in person" about the relief he seeks for pain and suffering, as well as for the emotional and financial stress he suffered as a result of his treatment at BCDC in 2017. (Id. at 7.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

2

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

2.   **Plaintiff's Claims Are Time Barred**

Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Abreu-Velez v. Board of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir.

3

2007) (*per curiam*); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012) (*per curiam*); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff signed his complaint on April 30, 2020, and it was mailed and filed in July of 2020. However, Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the events described in his complaint occurred from May through October, 2017. Plaintiff's allegations are clear he is complaining about his treatment while detained in 2017, not about any treatment related to his current detention. Thus, Plaintiff's claims are outside of the two-year statute of limitations period and are subject to dismissal.

### 3. Even If the Claims Were Not Time-Barred, Plaintiff Fails to State a Claim Against Defendants Huffman, Bush, Haynes, and Sheriff Williams

Even if all of Plaintiff's claims regarding his treatment at BCDC in 2017 were not time-barred, he has not connected Defendants Huffman, Bush, Haynes, and Sheriff Williams to any alleged constitutional violation. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the

4

complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); see also West v. Atkins, 487 U.S. 42, 48 (1988) (requiring allegation of a right secured by the Constitution or laws of the United States by a person acting under color of state law to establish § 1983 claim).  Thus, Plaintiff must describe how each individual participated in any alleged constitutional violation or other acts and omissions he claims to have caused him injury.  These non-medical Defendants are not mentioned by name in the statement of claim, and Plaintiff generally alleges only that when he "contacted" these Defendants in some unspecified way concerning his "issues," the issues were not resolved.

To the extent Plaintiff alleges one of these Defendants mishandled a grievance he may have submitted, under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*).  Thus, any claim a Defendant mishandled Plaintiff's grievance or improperly denied a grievance fails to state a claim upon which relief may be granted.  See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . .  A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

In sum, even if all of Plaintiff's claims were not time-barred, Plaintiff fails to state a claim upon which relief can be granted against Defendants Huffman, Bush, Haynes, and Sheriff Williams.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of October, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA